Ben Williams
1100 W Littleton Blvd Ste 440
Littleton, CO 80127
SBN California 343472
f. (720) 327-5297
ben@wip.net
o. (720) 327-5343

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dantaye Snyder | Case No.: |
| Plaintiff, | |
| v. | |
| HBI Innovations, LLP, dba HBI Innovations, an Arizona limited liability partnership, | COMPLAINT |
| BBK Tobacco & Food Products, LLC, an Arizona limited liability company, | |
| BBK Tobacco & Foods, Inc., an Arizona for profit domestic corporation, | |
| Defendants. | |

001.    Plaintiff Dantaye Snyder, by and through its attorney, for its Complaint against Defendants HBI Innovations, LLP ("HBI"), BBK Tobacco & Food Products, LLC, ("BBK-LLC"), and BBK Tobacco & Food Products, Inc. ("BBK-INC"; each a "Defendant," and together, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

002.    This is an action for infringement of Plaintiff's United States Patent No. 10,463,072 under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of Multi-Armed Pre-Rolled Smoking Tubes in the United States.

**JURISDICTION**

003.    This Court has original jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. § § 1331 and 1338(a).

004.    Defendants are Arizona corporations. Pursuant to 28 U.S.C. § 1400, Arizona is the proper judicial district for this action.

## VENUE

005.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## PARTIES

006.    Dantaye Snyder is a resident of Raleigh, North Carolina, and the inventor of the Multi-Armed Pre-Rolled Smoking Tube and owner of U.S. Patent No. 10,463,072.

007.    HBI Innovations, LLP ("HBI"), is an Arizona limited liability partnership incorporated in Arizona, doing business as HBI Innovations, with a corporate domicile located at 11839 North 28th Drive, Phoenix, Arizona, 85029. On information and belief, HBI is the owner of the RAW™ trademark, pending registration as U.S. Trademark Serial No. 99405668, filed on September 22, 2025.

008.    BBK Tobacco & Food Products, LLC ("BBK-LLC"), is an Arizona limited liability company incorporated in Arizona, with a corporate domicile located at 3401 West Papago Street, Phoenix, Arizona, 85009. On information and belief, BBK is a General Partner of HBI.

009.    BBK Tobacco & Food Products, Inc. ("BBK-INC") is a domestic for-profit corporation domiciled at 11839 North 28th Drive, Phoenix, Arizona, 85029. On information and belief, BBK-INC owns and operates HBI.

## FACTS

010.    United States Patent No. 10,463,072 (the "'072 Patent"), entitled Multi-Armed Pre-Rolled Smoking Tube, was duly and legally issued on November 5, 2019, and names Dantaye Snyder as inventor and applicant. A true and correct copy of the '072 Patent is attached as **Exhibit A.**

011.    The '072 Patent discloses a Multi-Armed Pre-Rolled Smoking Tube that

is prefabricated empty for subsequent use. The '072 Patent claims, among other things:

A multi-armed pre-rolled smoking tube comprising:

a primary tubular body having a proximal end, a distal end, an interior surface, an exterior surface and a channel;

a pair of perforated regions diametrically disposed upon the surface of the primary tubular body;

a secondary tubular body angularly disposed to the primary tubular body, said secondary tubular body comprising:

a first transverse end;

a second transverse end;

a second interior surface;

a second exterior surface;

a second channel;

an annulet sleeve portion medially disposed on the secondary tubular body, said annulet sleeve portion comprising a complementary pair of apertures configured to accept insertion of the primary tubular body therethrough to form a sealed engagement around the primary tubular body; and

a mouth piece disposed at the proximal end of the primary tubular body;

wherein the annulet sleeve portion engages around the primary tubular body as a seal to enclose the pair of perforated regions with the transverse ends of the secondary body, whereby combustion of vegetable matter additional to the multi-armed pre-rolled smoking tube commenced at each of the pair of transverse ends and the distal end enables inhalation through the mouthpiece.

012.    Plaintiff owns the entire right, title, and interest in the '072 Patent.

**DEFENDANTS' INFRINGING ACTIVITIES AND PRODUCTS**

013.    Defendants have infringed, and continue to infringe, the '072 Patent by using, selling, and offering for sale, multi-armed pre-rolled smoking tubes in the United States that embody or use the invention claimed in the '072 Patent. For example,

3

Defendants' "Raw Classic Cone Cross" employs elements that perform the same or substantially the same function in the same or substantially the same way to achieve the same or substantially the same result as set forth and claimed in the '072 Patent. An example of Defendants' "Raw Classic Cone" is included herewith as **Exhibit B**.

014.    Defendants have known of the existence of the '072 Patent, and their acts of infringement have been willful and in disregard of the '072 Patent, without reasonable basis for believing that they had a right to engage in the infringing conduct.

**COUNT ONE**

**(Patent Infringement)**

015.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

016.    Upon information and belief, Defendants have been and are infringing the '072 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, multi-armed pre-rolled smoking tubes, including those sold under the name Raw Classic Cone (**Exhibit B**), in violation of 35 U.S.C. § 271(a).

017.    Upon information and belief, Defendants have been and are inducing infringement of the '072 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import multi-armed pre-rolled smoking tubes that embody or use the invention claimed in the '072 Patent, including those sold under the name Raw Classic Cone, in violation of 35 U.S.C. § 271(b).

018.    Upon information and belief, Defendants have been and are contributing to the infringement of the '072 Patent by selling or offering to sell multi-armed pre-rolled smoking tubes, knowing them to be especially made or especially adapted for practicing the invention of the '072 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

4

019.    Defendants' infringement has been and continues to be knowing, intentional, and willful.

020.    Defendants' acts of infringement of the '072 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

021.    Defendants' acts of infringement of the '072 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

022.    This case is exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

023.    WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.  Adjudging that Defendants have infringed and actively induced infringement of, and contributorily infringed the '072 Patent, in violation of 35 U.S.C. § 271(a), (b), and (c);

2.  Granting an injunction temporarily and preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '072 Patent;

3.  Ordering Defendants to account and pay damages adequate to compensate Plaintiff for Defendants' infringement of the '072 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4.  Ordering an accounting for any infringing sales not presented at trial and an

award by the court of additional damages for any such infringing sales;

5. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding Plaintiff its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

7. Awarding such other and further relief as this Court deems just and proper.

DATED this 29 of April, 2026.

_____
Ben Williams
Attorney for Plaintiff Snyder

6