WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dantaye Snyder,

Plaintiff,

v.

HBI Innovations LLP, et al.,

Defendants.

No. CV-26-02937-PHX-MTL

**ORDER**

Pending before the Court is Defendants HBI Innovations LLP, BBK Tobacco & Food Products LLC, and BBK Tobacco & Foods Inc.'s motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) To date, no response has been filed. The Court now rules.

## I

On April 29, 2026, Plaintiff, who is represented by counsel, filed his complaint, alleging a single count of patent infringement. (Doc. 1.) On June 25, 2026, Defendants filed the motion to dismiss. (Doc. 15.) No response has been filed.

## II

Local Rule of Civil Procedure 7.2(i) provides in relevant part that, if "counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." When a party fails to comply with a court order or local rule, the Court has inherent authority under Rule 41(b) to dismiss the action. *See Link v. Wabash R.R. Co.*,

370 U.S. 626, 629 (1962). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Before the Court considers whether to grant dismissal for failure to comply with LRCiv 7.2(i), however, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.'" *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first two factors favor dismissal as a sanction in most cases, while the fourth factor cuts against it. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, "[t]he key factors are prejudice and availability of lesser sanctions." *Id.*

### III

Considering the *Ghazali* and *Henderson* factors, the Court finds that dismissal without prejudice is the appropriate sanction. As noted in *Wanderer*, the first two factors— expeditious resolution and docket management, *Ghazali*, 46 F.3d at 53—generally favor dismissal. *See Wanderer*, 910 F.2d at 656. This case is no different. In *Ghazali*, the Ninth Circuit upheld summary dismissal of a 42 U.S.C. § 1983 action where the *pro se* plaintiff violated a Nevada district court local rule by failing to respond to the defendant's motion to dismiss. *Ghazali*, 46 F.3d at 53. The court upheld the district court's dismissal order because it reasoned that the *pro se* plaintiff was given notice of the motion and had ample time to respond. *Id.* at 54.

Here (unlike the plaintiff in *Ghazali*), Plaintiff is represented by counsel. Plaintiff was given ample time to respond to the motion to dismiss but did not respond, provide any reasons for his failure to do so, or seek an extension of time to respond to the motion. Because Plaintiff failed to respond to a dispositive motion, *Ghazali* factors one and two weigh especially in favor of dismissal.

The third *Ghazali* factor—risk of prejudice to defendants, *Ghazali*, 46 F.3d at 53— also weighs in favor of dismissal. In determining whether a defendant has been prejudiced,

the Court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In this case, Plaintiff's unreasonable delay raises a presumption of prejudice to Defendants. This factor, therefore, favors dismissal.

Although the fourth *Ghazali* factor—which is the public policy favoring disposition on the merits, *Ghazali*, 46 F.3d at 53—weighs against dismissal, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), it is no more compelling here than it was in *Ghazali*. Accordingly, this factor weighs only slightly against dismissal.

Last, the final *Ghazali* factor requires the Court to consider the availability of less drastic sanctions. *Ghazali*, 46 F.3d at 53. Defendants have moved for the Court to dismiss Plaintiff's claims with prejudice. (*See* Doc. 15 at 2-3.) But dismissing the case without prejudice means a complaint asserting the same claims can be refiled. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). This is a less drastic sanction than a dismissal with prejudice, and therefore supports dismissal of this action.

Because Plaintiff failed to respond to Defendants' motion to dismiss, the Court will construe this as consent to granting the motion. This action will be dismissed without prejudice.

**IV**

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 15) is granted and Plaintiff's complaint is dismissed without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

- 3 -

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 13th day of July, 2026.

Michael T. Liburdi
United States District Judge